Before KNAPP and WOODS, Circuit Judges, and ROSE, District Judge.

KNAPP, Circuit Judge. On October 19, 1915, R. S. Overstreet, a hostler in the employ of defendant in error, was caught between the couplers of two locomotives, which he was presumably attempting to couple together, and so badly hurt that he died a few hours afterwards. There was no eyewitness of the accident, and how or why it happened can only be inferred from the surrounding circumstances. His administratrix brought suit under the Employers' Liability Act, alleging that the coupler on one of the locomotives, or some part of it, was out of order, and that this was the proximate cause of Overstreet's death. The trial court directed a verdict for defendant, and the case comes here on writ of error.

[1] We are of opinion, after painstaking study of the testimony, that enough was shown on behalf of the plaintiff to warrant submission to the jury, and it was therefore error to direct a verdict for the defendant. C., B. & Q. Ry. Co. v. United States, 220 U. S. 559, 571, 31 Sup. Ct. 612, 55 L. Ed. 582; C., R. I. & P. Ry. Co. v. Brown, 229 U. S. 317, 321, 33 Sup. Ct. 840, 57 L. Ed. 1204; Myers v. Pittsburgh Coal Co., 233 U. S. 184, 34 Sup. Ct. 559, 58 L. Ed. 906; San Antonio & Aransas Pass Ry. Co. v. Wagner, 241 U. S. 476, 484, 36 Sup. Ct. 626, 60 L. Ed. 1110; and Atlantic City R. Co. v. Parker, 37 Sup. Ct. 69, decided by the Supreme Court December 4, 1916. As the case presented seems exceedingly close, we purposely refrain from stating the reasons for our conclusion, in order that neither party may be prejudiced, in the event of another trial, by any comments we might make upon the evidence here of record.

[2] As to the rejected proof offered by the plaintiff, it is perhaps sufficient to remark that in a case like this the admission or exclusion of testimony, upon the objection that it is too remote, is largely within the discretion of the trial judge, and that we would not feel called upon to reverse the judgment herein on account of the ruling in question. At the same time, as the case now appears, we think that the testimony offered was competent, and should have been admitted. Texas & Pacific R. Co. v. Rosborough, 235 U. S. 429, 35 Sup. Ct. 117, 59 L. Ed. 299.

The judgment will be reversed, and the case remanded, with instructions to grant a new trial.

Reversed.

---

MAXWELL v. JURNEY.

In re JURNEY.

(Circuit Court of Appeals, Fifth Circuit. December 18, 1916.)

No. 2995.

1. HUSBAND AND WIFE ⊙⇒125—WIFE'S SEPARATE ESTATE—RENT FROM "SEPARATE PROPERTY."

Under Vernon's Sayles' Ann. Civ. St. Tex. 1914, art. 4621, providing that all property of the wife, both real and personal, owned by her before marriage, and that acquired by gift, devise, or descent, and the increase of

all lands thus acquired, shall constitute her separate property, and article 4622, providing that all property acquired by either the husband or wife during marriage, except that which is the separate property of either one, shall be community property, subject to the husband's control, but that the rents from the wife's real estate shall be under her control alone, subject to article 4621, the rents from the wife's real estate or her separate property are her "separate property," not community property.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 453–458; Dec. Dig. ☜125.

For other definitions, see Words and Phrases, First and Second Series, Separate Property.]

2. HUSBAND AND WIFE ☜36—CONTRACTS—RENT OF PROPERTY—LIEN.

Since the rents are separate property under those provisions, the wife can make a valid rental contract of her separate property with her husband for the rental, under which she is entitled to a landlord's lien.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 218; Dec. Dig. ☜36.]

Appeal from the District Court of the United States for the Western District of Texas; Wm. B. Sheppard, Judge.

In the matter of Richard Jurney, bankrupt. On petition of Mrs. I. N. Jurney against John Maxwell, trustee in bankruptcy, to review an order of the referee denying petitioner's claim to a lien. The order of the referee was reversed, and the trustee appeals. Decree of the District Court, reversing the order, affirmed.

The opinion of Sheppard, District Judge, was as follows:

The question here presented on the record is whether or not a wife, contracting with her husband regarding her separate property, is entitled to a landlord's lien for the rent of a certain part of her separate property let to the husband under a rental contract. The solution of this would depend primarily upon whether or not the rents derived from the wife's separate real estate would, under the statute of 1913, be a part of the wife's separate estate, or a part of the community estate of the spouses.

[1] Undoubtedly the wife in Texas can make a valid contract with her husband regarding her separate estate. Article 4621 of the act provides what shall constitute the separate property of the wife. It shall be "all property of the wife, both real and personal, owned or claimed by her before marriage, and that acquired afterwards by gift, devise or descent, as also the increase of all lands thus acquired. * * *" It is contended that this does not include the rents issuing from the wife's separate real estate, but that such rents form part of the community property of the spouses. Article 4622 provides that "all property acquired by either the husband or wife during marriage, except that which is the *separate property* of either one or the other, shall be deemed the common property of the husband and wife, and during coverture may be disposed of by the husband only. * * *"

Had the Legislature stopped here, it might well be contended that the rents issuing from the wife's separate real estate become a part of the community estate. But such a contention seems to the court to be untenable in the light of the provision contained in the same article (4622), viz.: That "the rents from the wife's real estate * * * shall be under the control, management and disposition of the wife alone, subject to the provisions of article 4621." For, if the Legislature gave the wife the "control, management and disposition" of the rents of her separate real estate, subject to the provisions of the section creating her separate property, it should become a part thereof.

[2] I am constrained to the view that the "rents from the wife's real estate" under the statute of 1913 is a part of her "separate property." The wife, being able to make a valid contract with her husband regarding her

separate property, is entitled to all the privileges and benefits which such a contract may confer, and is therefore under a rental contract entitled to a landlord's lien.

An order reversing the referee will be accordingly entered.

M. C. H. Park, of Waco, Tex., for appellant.

Marshall Surratt, of Waco, Tex., for appellee.

Before PARDEE and WALKER, Circuit Judges, and FOSTER, District Judge.

PER CURIAM. On consideration of the transcript and oral arguments and briefs, we have concluded that this case was correctly ruled and decided in the lower court.

The decree appealed from is affirmed.

---

### ROLLMAN MFG. CO. v. UNIVERSAL HARDWARE WORKS.

(Circuit Court of Appeals, Third Circuit. December 14, 1916.)

#### No. 2107.

1. PATENTS ⬉321—ORDER OF COURT—RESTRAINING MISUSE OF DECREE.

A court of equity has power by an order to restrain the complainant in an infringement suit from making unfair use of information obtained from defendant's books, produced by order of the court on an accounting by sending circulars to defendant's customers in effect misrepresenting the scope of the decree and endeavoring by veiled threats of suit to divert their business from defendant to itself.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 588, 589; Dec. Dig. ⬉321.]

2. EQUITY ⬉66—PRINCIPLES.

The maxim that he who seeks equity must do equity is a duty which makes one who gets into a court of equity continue to do equity while he is litigating.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 188–190; Dec. Dig. ⬉66.]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Suit in equity by the Rollman Manufacturing Company against the Universal Hardware Works. From an order, complainant appeals. Affirmed.

Archibald Cox, of New York City, for appellant.

William R. Davis, of New York City, for appellee.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below the Rollman Manufacturing Company filed a bill against the Universal Hardware Works, charging infringement of a patent. On final hearing, the court below, in an opinion reported at 229 Fed. 579, held certain claims of plaintiff's patent infringed by one of the several cherry seeders made by defendant, and entered a decree for accounting. During such ac-

---